LEVI PEACOCK, and LETTIS his Wife, sueing by B. R. PEACOCK, her next friend, v. JOHN BLACK and THOMAS BLACK, Executors of DANIEL NEWBOLD, deceased, who was Executor of JOHN HOLLINSHEAD, deceased.

Where a bill for the recovery of a legacy bequeathed to a married woman, was filed thirty-one years after the death of the testator, twenty-four years after the settlement of his estate, and seventeen years after the death of the executor, and no cause shown for the delay, the bill was dismissed on the ground of the presumption of the payment of the demand, arising from the time which elapsed after the right of action accrued before suit brought.

The cases of *Ellison* v. *Moffat,* 1 *John. Chan. R.* 46, and *Jones* v. *Turberville,* 2 *Vesey, jun.* 11, approved.

Bill by a married woman, (sueing by her next friend,) and her husband, for the recovery of a legacy bequeathed to the wife.

The bill states, that John Hollinshead, late of the township of Northampton, being possessed of a very considerable personal estate of various descriptions, and also seized and possessed of a very considerable real estate, and being of sound mind and memory, on or about the twenty-fifth day of April, in the year of

our Lord one thousand eight hundred and one, made his last will and testament, in writing, of that date, signed, sealed and published in the presence of three subscribing witnesses, and executed in due form of law to pass real and personal estate, in the words and figures and substance following, to wit: "I, John Hollinshead, of the township of Northampton, in the county of Burlington, and state of New Jersey, farmer, being somewhat indisposed as to my bodily health, but of perfect, sound and disposing mind, and memory, do think proper to make my last will and testament in manner and form following. Imprimis. I give and bequeath unto my loving wife the sum of five hundred pounds, to be paid by my executors as soon as they conveniently can raise the money from the sales of my property ; also it is my will that my wife shall have and enjoy one room in the house where I now *dewl*, and have a horse kept on hay and grass; also use of the kitchen during her widowhood ; which said sum of money and other things I give and bequeath unto her as full satisfaction and in lieu of her dower of and in my real estate. Item. I give and bequeath to my natural daughter that I had by Virgin Bishop, one hundred and fifty pounds, to be paid in one year after my death by my executors or executor. Item. I give and devise unto my daughter Sarah Hollinshead the plantation whereon I now live, to her and *heir's* and assigns for ever on the following condition ; that is, as soon as my executors or executor shall settle my estate they shall appoint three judicious men to appraise the above said farm, and if the said farm should be appraised to a greater amount than my daughter Lettis's and Elizabeth's shares, then and in that case it is my will that my above mentioned daughter Sarah shall pay each of her above mentioned sisters, Lettis and Elizabeth, such sums as shall make them equal to her share. Item. I give and devise unto my son-in-law Levi Peacock, all that lot of land on the south side of a new ditch cut for the purpose of draining his swamp on the north side of his farm. Item. All the rest, residue and remainder of my estate, real and personal, whatsoever, after my just debts, funeral charges and the legacies above mentioned are paid, I give, devise, and bequeath

unto my daughter Lettis and my daughter Elizabeth's children—equally to be divided, Lettis's share to be one half—the children's share to be placed out on interest, to be paid unto the above mentioned Elizabeth during her natural life for the maintenance and education of them ; but in case it should so happen that my daughter Sarah should die without leaving lawful issue, in that case her share and part of my estate to go to her surviving sisters and their heirs equally, share and share alike. Lastly I do hereby nominate, constitute and appoint my friends, Daniel Newbold and William Irick, esqr's, of Northampton aforesaid, executors of this my will, and constitute them guardians of my daughter Sarah until she shall attain to lawful age.   I hereby revoke all former wills by me at any time made.  In testimony of all which I have hereunto set my hand and seal, this twenty fifth day of April, the year eighteen hundred and one."

The bill further states, that about the beginning of the month of May in the same year, the said John Hollinshead, being so seized of the said real and personal estate, died, without altering or revoking the said will, and thereupon afterwards, to wit, on the eleventh day of May, in the same year, the said Daniel Newbold and William Irick, the executors named in the said will, duly proved the same and took upon themselves the execution thereof, and the same was regularly recorded and entered in the surrogate's office of the said county, and affiled of record in the prerogative office at Trenton, agreeably to law ; and by virtue thereof the said Daniel Newbold, one of the said executors, (the said William Irick, the other executor, acting only for conformity and without intermeddling with the money arising from the sales of the real and personal estate of the testator or other assets of the said estate,) possessed himself of all the personal estate and effects of the testator, and sold and conveyed divers portions of the real estate of the testator, under pretence that authority was given by the said will to sell the same and receive the money therefor to a very considerable amount, and much more than sufficient to satisfy all his just debts, funeral and testamentary expenses and specific legacies ; and the said Daniel Newbold afterwards, to wit,

in the term of August, in the year of our Lord one thousand eight hundred and seven, did exhibit in the orphans' court of the county of Burlington his account, styling himself acting executor of the last will and testament of the said John Hollinshead, as well of and for so much of the goods, chattels and personal estate and the net proceeds of the real estate of the said deceased, sold under the said will, as had come to his hands to be administered as for his payments and disbursements out of the same. And the same having been audited and stated by the surrogate of the county and been referred to auditors, and by them, re-stated, the said orphans' court did afterwards, to wit, in the term of August, in the year of our Lord one thousand eight hundred and eight, decree that the same should be allowed in all things as reported and re-stated by the said auditors; whereby it appears that the residue of the said real and personal estate of the said testator, and the balance in the hands of the said Daniel Newbold, acting executor as aforesaid, to be paid and distributed agreeably to the directions of the said last will and testament, was six thousand and six dollars and eighty-two cents.

The bill further states, that the said Daniel Newbold, acting executor as aforesaid, in his life time, possessed himself of all the residue and balance aforesaid of the net proceeds of the said real and personal estate of the said John Hollinshead, deceased, and particularly of the said sum of six thousand and six dollars and eighty-two cents; his co-executor, William Irick, never having meddled with the same or received any part thereof, and being so possessed thereof afterwards died, to wit, in or about the month of February, in the year of our Lord one thousand eight hundred and fifteen,—having in his life-time made and executed his last will and testament in writing, and thereby appointed John Black and Thomas Black the executors thereof, and thereafter the said John Black and Thomas Black duly proved the same and had letters testamentary thereupon granted to them in due form of law, bearing date in the month of February, in the year of our Lord one thousand eight hundred and fifteen, and took upon themselves the burthen of the execution thereof.

The bill further charges, that the said Levi Peacock never did either legally or equitably act on the said legacy so bequeathed to the said Lettis, or reduce the same into his possession, or attempt or intend so to do, nor did the said Daniel Newbold in his life-time pay any sum whatever on account thereof; and if the said Daniel Newbold in his life-time had done so, or did retain the same in his own hands, or claim so to do in order to satisfy any debt or pretended debt due or claimed to be due from the said Levi, he acted entirely in his own wrong and was guilty of a violation of the duty imposed upon and the trust reposed in him by his testator, and in plain and manifest contradiction to the said trust, and to the will and intention of the testator, who well knowing that the said Lettis was a married woman, hath expressly beqeathed the same to her, so that the same might not be liable or subject to the debts, control or mismanagement of her husband.

The prayer of the bill is, that the defendants, executors as aforesaid, may be decreed to come to a fair and just account with the complainants, for or in respect to all and singular the real and personal estate of the said testator, John Hollinshead, which came to the hands of the said Daniel Newbold, in his life-time separately or which was received by him or by any other person by his order or for his use separately, or which without his wilful default might have been received by him, and that the same may be applied in a course of administration agreeably to the directions of the said will, and thereout the said Lettis may be fully paid the said one half of the said residue of the net proceeds of the said real and personal estate, agreeably to the said settlement allowed and decreed in the said orphans' court, in the county of Burlington, together with all interest due thereon, or so much thereof as the said Lettis may appear justly entitled unto under the directions of the said will of the said testator, and that the same may be settled on her and her children under the directions of this court for her sole and separate use, the said Levi consenting thereto and praying that the same may be made free from his control, and waiving and relinquishing his marital

6*

rights in respect thereto, or to any part of the said legacy as far as he hath right so to do, and that the complainants may have such further and other relief in the premises as shall be agreeable to equity and good conscience.

The defendants, by their answer, admit the bequest, and the balance in the hands of the executor upon the final settlement of his accounts, as charged in the bill. But they say that although by the will of the said John Hollinshead, deceased, he bequeaths to the said Lettis Peacock, wife of Levi Peacock, and not to the said Levi Peacock himself, one equal undivided half part of the residue of his estate, yet the bequest so made to the said Lettis Peacock being of personal estate, it was in law a chose in action which the said Levi Peacock, as her husband, he having survived the said John Hollinshead the testator, had full and legal right to make his own exclusive property by reducing the same into his possession ; that they have been informed and verily believe, and trust they will be able to prove, that the said Levi Peacock, did after the death of the said John Hollinshead, call upon the said Daniel Newbold in his life time as acting executor of the last will and testament of the said John Hollinshead, deceased, and did claim of the said Daniel Newbold the one equal half part of the residue of the estate of the said John Hollinshead, deceased, so as aforesaid bequeathed to his wife Lettis, declaring that it was his intention to reduce the same into his possession and thus make it a part of his own proper estate; and the said Levi Peacock, being largely indebted unto the said Daniel Newbold, in his own right, and also as executor of the last will and testament of the said John Hollinshead, deceased, on various accounts, and the said Levi Peacock also having claims against the said Daniel Newbold in his own person and right as well as executor as aforesaid, the said Daniel Newbold and Levi Peacock, at the request of the said Levi Peacock, accounted together, in which accounting together the said Levi Peacock was charged with such sums of money as he admitted he owed to the said Daniel Newbold in his own right, and also as executor as aforesaid, and received credit for such claims as he had against the

said Daniel Newbold as executor as aforesaid, and also for the amount of his private account against the said Daniel Newbold ; and the said Levi Peacock having declared his intention to reduce the legacy so bequeathed to the said Lettis, his wife, into his own possession, and make it a part of his own proper estate, credit was also granted him upon that accounting, at his own request, for the one equal half part of the residue of the estate of the said John Hollinshead, deceased, amounting, according to the said settlement before the said orphans' court of the county of Burlington, to the sum of three thousand and three dollars and forty-one cents ; and there appearing upon that accounting and settlement between the said Daniel Newbold and the said Levi Peacock, to be a considerable balance still remaining due from the said Levi Peacock to the said Daniel Newbold, the said Levi Peacock agreed to pay to the said Daniel Newbold the said balance, and to accept the credit so given to him in the said settlement and accounting, in full discharge of the one half part of the residue of the estate of the said John Hollinshead, deceased, so bequeathed to the said Lettis his wife.

And the defendants further say, that the final account of the said Daniel Newbold, as acting executor of the last will and testament of the said John Hollinshead, deceased, was settled and a decree of confirmation made thereon before the orphans' court of the said county of Burlington, in the term of August, in the year of our Lord one thousand eight hundred and eight; that the said Daniel Newbold survived after the said settlement until the month of February, in the year of our Lord one thousand eight hundred and fifteen, and during the interval between the said settlement and the death of the said Daniel Newbold, a period of more than six years, the said Daniel Newbold recovered a judgment for a large amount against the said Levi Peacock, in the inferior court of common pleas in and for the said county of Burlington, and caused an execution of fieri facias de bonis and terris to be issued thereupon, and to be delivered to the sheriff of the said county of Burlington to be executed in due form of law, under and by virtue of which execution the estate, real and per-

sonal, of the said Levi Peacock, was sold, and the proceeds of the said sale fell short of the amount due to the said Daniel Newbold on the said judgment and execution; ever since which sale the said Levi Peacock and Lettis his wife, have been and still are in indigent circumstances; that after the death of the said Daniel Newbold, and after these defendants had taken upon themselves the execution of his will and the settlement of his estate, to wit, in the term of August, in the year of our Lord one thousand eight hundred and fifteen, these defendants made application to the orphans' court, in and for the said county of Burlington, to limit and appoint a time within which the creditors of the said Daniel Newbold, deceased, should bring in their debts, demands, and claims against his estate, conformably to the provisions of the statute in such case made and provided; upon which application the said court in the term last aforesaid, did by a rule of the said court order and direct the defendants as executors as aforesaid, to give public notice to the creditors of the estate of the said deceased to bring in their debts, demands, and claims against the same within one year from that time, by setting up such notice in five of the most public places in the county of Burlington for the space of two months, and also by advertising the same for the like space in one of the newspapers printed in this state; and that if any creditor should neglect to exhibit his or her debt, demand or claim, within the time so limited, after public notice given as aforesaid, such creditor should be for ever barred of his or her action therefor against these defendants, as executors as aforesaid; which notice the defendants immediately thereafter caused to be set up and published according to the requirements of the said rule; and that after the sale of the estate of the said Levi Peacock under the execution aforesaid, the said Levi Peacock and Lettis his wife, or either of them never pretended to the said Daniel Newbold, in his lifetime, as these defendants verily believe, that they or either of them had any claim upon the said Daniel Newbold for the residuary share of the estate of the said John Hollinshead, deceased, bequeathed as aforesaid to the said Lettis, or that the same was not fully paid, although suffering

during the whole of that period under the pressure of great poverty; and from the time of the decease of the said Daniel Newbold, until the exhibition of their bill in this case, the said Levi Peacock and Lettis his wife slept over their said claim, notwithstanding the said rule of the said orphans' court and the public notice given by these defendants as aforesaid, and never did claim of these defendants, or either of them, the said residuary share of the estate of the said John Hollinshead, deceased, so bequeathed to the said Lettis, or pretend that the said Daniel Newbold was indebted to them, or either of them, on that or on any other account; and the defendants insist that the great delay of the said Levi Peacock and Lettis his wife, in making this demand, is a circumstance strongly corroborative of the truth of these defendants' defence against the said claim; and that the said Levi Peacock and Lettis his wife, have been induced to prefer at this day, after having suffered it to sleep for more than twenty years, so stale a claim, from the hope that the death of the said Daniel Newbold and the great lapse of time would put it out of the power of the defendants to prove that the said residuary share had been paid to the said Levi Peacock; and that their testator having thus in his lifetime paid the said legacy to the said Levi Peacock, husband of the said Lettis, they cannot now be lawfully called in question respecting the same in this honorable court; and the defendants deny that the said Levi Peacock had any other just and lawful claims against the said Daniel Newbold, either in his own right or as executor of the said John Hollinshead, deceased, except those for which he was allowed credit in the said settlement and accounting between the said Daniel Newbold and the said Levi Peacock.

The complainants filed a replication, and the cause was heard upon the pleadings and proofs.

*Wall* and *I. H. Williamson*, for the complainants.

*A. Brown* and *H. W. Green*, for the defendants.

[Peacock v. Newbold's Ex'rs.]

THE CHANCELLOR.  This bill was originally filed by Levi Peacock and his wife Lettis, who sued by her next friend, to recover of John and Thomas Black, as executors of Daniel Newbold, deceased, the amount of a legacy given by John Hollinshead, deceased, to the said Lettis Peacock, who was his daughter, and Daniel Newbold was acting executor of said Hollinshead, deceased.  The defendants, in their answer, insist that Daniel Newbold, in his life time, paid this legacy to Levi Peacock or his wife ; and the decision of the case depends upon the evidence as to the truth of this defence.

It appears that John Hollinshead died in eighteen hundred and one.  His will is dated April twenty-fifth, and was proved May eleventh, of that year.  After making several devises, he gives the residue of his estate to his daughter Lettis, and his daughter Elizabeth's children ; one half to Lettis, and the other half to be placed out at interest for her use during her life, and then to her children, &c.

This estate was settled in the orphans' court in eighteen hundred and eight by auditors, and the balance in the hands of the executor ascertained to be six thousand and six dollars and eighty-two cents; for the half of which, with interest from that time, the complainants claim the decree of this court.

Daniel Newbold, the executor, died in eighteen hundred and fifteen.  The bill in this case was filed in eighteen hundred and thirty-two, which is thirty-one years after the death of the testator under whom the complainants claim—twenty-four years after the estate was settled, and the amount of the legacy thereby ascertained—and seventeen years after the death of Daniel Newbold, the executor.

There is no positive evidence of payment, but the defendants rely upon the presumption of payment arising from the time which has elapsed since the right of action accrued, which presumption they allege is strengthened by the further evidence which will be hereafter adverted to.

If the case rested upon the above stated facts, unexplained by any evidence on the part of the complainant to account for the

delay, I should be disposed to give effect to the defence of the defendants.

In the case of *Ellison* v. *Representatives of Moffat*, 1 *John. Chan. R.* 46, where the bill was filed for an account upon transactions before the revolutionary war, which were interrupted by that war, the chancellor observes, " The parties lived in the same county, and without accounting for the delay, the complainant suffered a period of twenty-six years to elapse from the termination of the war to the time of filing his bill. It would not be sound discretion to overhaul accounts in favor of a party who has slept on his rights for such a length of time, especially against the representatives of the other party, who have no knowledge of the original transaction."

And in the case of *Jones* v. *Turberville*, 2 *Vesey, jr.* 11, lord commissioner Eyre remarks, that at law claims are presumed satisfied after a certain lapse of time, and "courts of equity would do very ill by not adopting this rule. So essential is it to general justice, that though the presumption has often happened to be against the truth of the fact, yet it is better for the ends of general justice that the presumption should be made and favored, and not be easily rebutted, than to let in slight evidence of demands of this nature, from which infinite mischief and injustice might arise."

I approve the doctrine of these cases. But it is not necessary, in this case, to rely entirely upon the length of time, to raise the presumption of payment. That presumption is very much strengthened by the evidence in the case. It appears that about ten years after the death of Hollinshead, Newbold obtained a judgment against Levi Peacock for a large amount, and sold his farm and goods; and after the death of Newbold, his executors, the above named defendants, also obtained a judgment against Levi Peacock before a justice; and it is most manifest from the evidence, that Levi Peacock became intemperate soon after the estate of Hollinshead was settled, and that he was poor at the time of the death of Daniel Newbold, who was in good circumstances.

[Peacock v. Newbold's Ex'rs.]

These circumstances are in aid of the presumption of payment; and I can find no evidence which tends to explain the delay on the part of the complainants. I can hardly consider it possible, that a man situated as Mr. Peacock was, should allow so long a time to elapse without recovering this legacy, and not be able to show some satisfactory cause for the delay. But so far from accounting for the delay, the direct evidence in the cause strongly confirms the presumption of payment.

Joseph Hilliard testifies, that he had heard Lettis Peacock say "that she expected her legacy would have been more; she expected her father's estate was so large that she would have had more than she had had. She did not say it had been paid, but witness supposed from what she said that it had been settled, and that the amount was smaller than she had expected."

Alanson White testifies, that since the sale of Peacock's place by the sheriff, he, Peacock, rode up to Mount Holly with him, and said he was going to settle with Daniel Newbold, or with his estate; and when he returned informed witness that he had closed the settlement that day.

George Early testifies, that since the sale he has heard Peacock and Newbold talking upon the subject. Peacock said, "that affair of Lettis, my wife, is settled at last, after so long time, and done with." And both Peacock and Newbold said that "they were glad that matter about the wife's legacy was settled and done with."

There is other testimony of a similar import, but from this I am entirely satisfied, that in the negociations between Newbold and Peacock, this legacy has been settled; and I have no fear that the presumption of law, in this case, will be in opposition to the fact.

Let the bill be dismissed, with costs.*

Decree accordingly.

---

* The decree in this cause was unanimously affirmed, except as to costs, by the court of errors and appeals, at November term, eighteen hundred and forty-five. The parties were directed to pay each their own costs, in the court below and on the appeal.